ARMED SERVICES BOARD OF CONTRACT APPEALS

Application Under the Equal Access   )
  to Justice Act of --               )
                                     )
Amaratek                            )     ASBCA Nos. 59149, 59395
                                     )
Under Contract No. W9124R-11-P-1054   )

APPEARANCE FOR THE APPELLANT:     Mr. David P. Dumas
                                          President

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
                                          Army Chief Trial Attorney
                                          CPT Cali Y. Kim, JA
                                          Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant, Amaratek, timely moves for reconsideration of our 22 January 2015 decision upon its application pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504.[1] We deny the motion. In order to prevail on its motion, Amaratek must establish a compelling reason for us to modify the original decision. *Paradigm II, LLC*, ASBCA No. 55849, 12-2 BCA ¶ 35,152 at 172,528. In determining if that standard has been met, the Board looks to see whether there is newly discovered evidence, mistakes in the findings of fact, or errors of law. *Id.*

Amaratek does not meet that standard. Amaratek asserts that it was error not to award the cost of the time that its president spent litigating the appeals, but under our precedent, the cost of such time is not recoverable. *See M. Bianchi of California*, ASBCA No. 26362 *et al.*, 90-1 BCA ¶ 22,369 at 112,403-04; *Roberts Construction Co.*, ASBCA No. 31033, 86-2 BCA ¶ 18,846 at 94,974. *Goetz Demolition Co.*, ASBCA No. 39129, 91-2 BCA ¶ 23,836, which Amaratek cites (app. mot. at 8), is not to the contrary. There, the Board denied recovery of the cost of the time and efforts of in-house counsel. *Id.* at 119,461. Nor does *Sterling Federal Systems, Inc. v. Goldin*, 16 F.3d 1177 (Fed. Cir. 1994), which Amaratek also cites (app. mot. at 4), mandate recovery of the cost of the time of Amaratek's president; *Sterling* does not address the Board's caselaw interpreting 5 U.S.C. § 504.

---

[1] Amaratek elected to have the appeals processed pursuant to Board Rule 12.2; consequently, this decision shall have no value as precedent. Board Rule 12.2(d).

For the foregoing reasons, the motion for reconsideration is denied.

Dated: 14 April 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA Nos. 59149, 59395, Appeals of Amaratek, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals